[No. 4718.]

## THE PEOPLE OF THE CITY OF SAN FRANCISCO v. C. W. KINSMAN et al.

Validating Street Assessment.—An act validating an assessment for improving a street, if of any effect, makes the assessment valid only from the time of its passage.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

Action commenced in 1871 to enforce the lien of an assessment on a lot for improving a street in San Francisco. The court rendered judgment for the defendants, and the plaintiff appealed. The other facts are stated in the opinion.

*W. C. Burnett and E. F. Preston*, for the Appellant, argued that the act legalizing the assessment was constitutional, and took effect as of the day the assessment was made; and cited Cooley on Const. Lim. 381, and the follow-

ing cases: *Grim* v. *Weisenberg School District*, 57 Pa. St. 438; *Abbott* v. *Commonwealth*, 8 Watts, 517; *Satterlee* v. *Matthewson*, 19 Serg. and R. 169; *State* v. *Reed*, 34 N. J. 133; *State* v. *Union*, 33 N. J. 356; *Tucker* v. *Justices*, 34 Ga. 370; *Cowgill* v. *Long*, 15 Ill. 204; *State* v. *Squires*, 24 Iowa, 348; *Mather* v. *Chapman*, 6 Conn. 54; *The People, etc.*, v. *The Board of Supervisors, etc.*, 20 Mich. 95.

*D. H. Whittemore*, for the Respondent.

The law does not apply to pending suits. This suit was pending. There is nothing to show that the Legislature intended the law to apply to pending suits—not a word. Such a law will not be construed to apply to a pending suit. (*Wright* v. *Cradlebaugh*, 3 Nev. 349; *Wount* v. *Winnick*, 3 N. H. 481; *Davis* v. *Minor*, 1 How. Miss. 189, 191; *Houston* v. *Boyle*, 10 Iredell, 496; *Martindale* v. *Moore*, 3 Blackf. 282; *Derringer* v. *McConnell*, 41 Ill. 228, 233; *White* v. *Hart*, 13 Wallace, 646; *Briggs* v. *Hubbard*, 10 Vt. 19; *Dewarp* v. *Purdy*, 29 Penn. 113; *Garrett* v. *Beaumont*, 24 Miss. 397; *Thames Co.* v. *Lathrop*, 7 Conn. 557.)

It is not in the power of the Legislature to cure such a defect. The board has given a judgment (*Dougherty* v. *Foley*, 32 Cal.), without jurisdiction of the person, and the Legislature seeks to legalize that judgment. It cannot be done. (*McDaniel* v. *Correll*, 19 Ill. 228; *Denny* v. *Matoon*, 2 Allen, 361; *Nelson* v. *Rountree*, 23 Wis. 367; *Hart* v. *Henderson*, 17 Mich.; *People* v. *Goldtree*, 47 Cal.; *Connolly* v. *San Francisco*, January term, 1875.)

By the COURT:

It is admitted that the resolution of intention was not published in such manner as to give jurisdiction to the Board of Supervisors.

Appellant relies on the act of March 19, 1874 (Acts 1873-4, p. 387), which purports to *legalize,* by reference to their number, one hundred and ninety assessments, including that on which this action is brought. The facts of this case bring it within *Reis* v. *Graff*, ante.

Judgment and order denying a new trial affirmed.